UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY LAWRENCE PRINCE,<br><br>Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON AND KITSAP COUNTY,<br><br>Respondent. | Case No. C05-5493FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 28th, 2006** |

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

<u>DISCUSSION</u>

    Respondent Kitsap County has filed a motion to dismiss in lieu of an answer. (Dkt. # 13). The only issue raised in the petition is that the jail did not properly certify the amount of good time credits petitioner believes he was entitled to receive. (Dkt. # 5). The respondent contends petitioner has been released from custody and as he does not challenge the validity of the underlying conviction there is no relief available and the petition is moot. (Dkt. # 13). The motion was originally served on the address in the community where petitioner is allegedly living. (Dkt. # 11). Petitioner did not respond and the court ordered respondent to reserve the motion on the address on file for petitioner.

REPORT AND RECOMMENDATION Page - 1

(Dkt. # 12). The respondent has complied and the mail was returned as undeliverable. (Dkt. # 14).

Petitioner has not kept the court apprized of a current address and appears to have been released from custody. Respondents position is correct. Because petitioner is not challenging the validity of his conviction and only challenged the amount of good time he was entitled to this petition is moot. Accordingly the petition should be dismissed with prejudice.

## CONCLUSION

This petition is moot. Petitioner has not kept the court apprized of a current address and has been released. Accordingly the undersigned recommends this petition be dismissed with prejudice as moot. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 28th, 2006**, as noted in the caption.

DATED this 3rd day of April, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION Page - 2